**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**IN ADMIRALTY**

| | |
|---|---|
| In re AMENDED COMPLAINT OF HOMOSASSA RIVERSIDE RESORT, LLC d/b/a Homosassa Riverside Resort as Owner of the Motor Vessel bearing Hull identification No. OFA20056E505 and Florida Registration No. FL1719RY, its Engines, Appurtenances, Equipment, Etc., in a cause of Exoneration from or Limitation of Liability,<br><br>　　　Petitioner.<br>_____/ | Case No: 5:14-cv-489-Oc-30PRL |

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion for Entry of Order Approving *Ad Interim* Stipulation and Issuing Monition and Injunction (Doc. 8). After due consideration, the motion is granted.

## I.　BACKGROUND

Petitioner Homosassa Riverside Resort, LLC is the owner of a 2005 Floral City airboat, with Hull identification No. OFA20056E505 and Florida Registration No. FL1719RY (the "Vessel"). (Doc. 5). On February 7, 2014, potential claimants Christa Curtis, Lynn Curtis, Steve Hargett, Lorry Hargett, Frances Langtry, and Richard Langtry were passengers on the Vessel when the Vessel impacted the shoal at Sams Bayou, Homosassa River in United States waters adjacent to Citrus County, Florida. (*Id.*).

Petitioner filed an amended complaint for exoneration from or limitation of liability for any and all damages and injuries caused by the incident involving the Vessel pursuant to 46 U.S.C. §§ 30501-12, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supp. R. F"), and Local Rule 7.06. (*Id.*). Petitioner also filed an *Ad Interim* Stipulation for Costs and Value (Doc. 7) and an Affidavit of Value of Vessel (Doc. 6). By its amended complaint, Petitioner alleges that the February 7, 2014 incident was not caused by fault of the Vessel, its owner, or the actions of any person for whom the owner is responsible. (Doc. 5). Petitioner further alleges that it lacked privity or knowledge of the circumstances, actions, or omissions giving rise to the February 7, 2014 incident. (*Id.*). Petitioner contends that the Vessel sustained no significant damages as a result of the February 7, 2014 incident and has an estimated post-casualty value of $15,000.00. (*Id.*).

Currently, Petitioner requests that the Court enter an order approving Petitioner's *Ad Interim* Stipulation for Costs and Value, with adequate surety, to stand as security for costs and all claims in the limitation proceeding. (Doc. 8). Additionally, Petitioner requests that the Court enter an order adopting the notice of monition, setting a monition period during which all potential claimants must file claims within this Court, and enjoining any actions or proceedings against Petitioner or the Vessel with respect to any claim subject to limitation in this action arising from the February 7, 2014 incident.

## II. DISCUSSION

Under 46 U.S.C. §§ 30505, 30511(a), an owner of a vessel may file an action to limit his or her liability to the value of the vessel and its freight for any loss, damage, or

injury incurred without the knowledge or privity of the owner.  Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims govern the procedures for actions of limitation of liability.

Upon filing an action to limit liability, the owner of a vessel may "deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended."  Supp. R. F(1); *see also* 46 U.S.C. § 30511(b)(1).  The security must include costs and "interest at the rate of 6 percent per annum from the date of the security."  Supp. R. F(1).  If a claimant is concerned that the amount of security posted is insufficient, "[a]ny claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight."  Supp. R. F(7).

When the owner brings an action to limit liability and posts security in accordance with § 30511(b), "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c); *see also* Supp. R. F(3).  The court shall "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."  Supp. R. F(3).  Further, the court shall issue a notice directing all potential claimants to file their claims against the vessel in the district court within a specified period of time.  Supp. R. F(4).

Here, Petitioner alleges no knowledge or privity regarding the February 7, 2014 incident. (Doc. 5). Petitioner further contends that the vessel is worth $15,000.00. (Docs. 5, 6, 7). Petitioner agrees to deposit for the benefit of claimants an *Ad Interim* Stipulation for Costs and Value, with adequate surety, the amount of its value or interest in the vessel in the amount of $15,000.00, with interest at the rate of six (6) percent per annum and costs of court

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion for Entry of Order Approving *Ad Interim* Stipulation and Issuing Monition and Injunction (Doc. 8) is **GRANTED.**

2. Petitioner's *Ad Interim* Stipulation for Value and Costs (Doc. 7) is hereby **APPROVED** and shall be deposited by the Petitioner with the Court for the benefit of the claimants in the amount of $15,000.00 with interest at six (6) percent per annum and court costs, as security for the value of Petitioner's interest in the Vessel.

3. Petitioner and any claimant who may properly become a party hereto may contest the amount of value of Petitioner's interest in the Vessel as fixed in the *Ad Interim* Stipulation for Value and Cost, subject to such increases or decreases in the amount of such stipulation, together with adequate security, as the Court may from time to time order according to the rules and practices of the Court.

4. If the amount of the *Ad Interim* Stipulation for Value and Costs is not contested, the amount of such stipulation shall stand as a stipulation for value and no appraisal by a commissioner will be required.

5. The Clerk is directed to issue a notice to all persons asserting claims with respect to which the amended complaint seeks limitation (*see* Doc. 8, Ex. C), admonishing potential claimants to file their respective claims with the Clerk in writing and to serve on Petitioner's attorney copies thereof on or before **October 17, 2014**, or be defaulted, and if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve on Petitioner's attorney an answer to the amended complaint on or before **October 17, 2014**.

6. Petitioner shall publish the aforementioned notice in accordance with the provisions set forth in Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Rules 7.01(g) and 7.06. Petitioner shall also mail copies of the amended complaint, notice of monition, and all other relevant filings to all known potential claimants.

7. The further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the Petitioner, as aforesaid, or against the 2005 Floral City airboat, with Hull identification No. OFA20056E505 and Florida Registration No. FL1719RY, or against any property of the Petitioner except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the incident of the aforesaid vessel as alleged in the amended complaint, should hereby be **RESTRAINED**, **STAYED**, and **ENJOINED** until the hearing and determination of this action.

8. Service of this Order as a restraining order may be made in the usual manner by delivery to the Marshal of the United States for the District in which service is to be made a certified copy of this Order, or through the United States Post Office by mailing a conformed copy thereof to the person or persons to be restrained or to their respective attorneys.

DONE AND ORDERED at Tampa, Florida on this 17th day of September, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record