**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**IN ADMIRALTY**

In re AMENDED COMPLAINT OF HOMOSASSA RIVERSIDE RESORT, LLC d/b/a Homosassa Riverside Resort as Owner of the Motor Vessel bearing Hull identification No. OFA20056E505 and Florida Registration No. FL1719RY, its Engines, Appurtenances, Equipment, Etc., in a cause of Exoneration from or Limitation of Liability,

Case No: 5:14-cv-489-Oc-30PRL

Petitioner,

v.

Richard Langtry, et al.,

Respondents.
_________________________________/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion for Entry of Final Default Judgment Against Non-Filing Claimants (Doc. 14).

On September 11, 2014, Petitioner Homosassa Riverside Resort, LLC as the owner of a 2005 Floral City airboat, with Hull identification No. OFA20056E505 and Florida Registration No. FL1719RY (the "Vessel"), filed an amended complaint for exoneration from or limitation of liability for any and all damages and injuries caused by an incident involving the Vessel pursuant to 46 U.S.C. §§ 30501-12, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supp. R. F"), and Local Rule 7.06. (Doc.

5). By the amended complaint, Petitioner identified as potential claimants Lorry Hargett, Steve Hargett, Christa Curtis, Lynn Curtis, Frances Langtry, and Richard Langtry. (Doc. 5 at 4).

On September 17, 2014, the Court issued an order approving Petitioner's *ad interim* stipulation and directing the Clerk to issue a notice of monition and injunction, which required all potential claimants to file their claims and answers to the amended complaint on or before October 17, 2014. (Doc. 9). On October 16, 2014, Richard Langtry and Lorry Hargett filed an answer and claim to Petitioner's amended complaint. (Doc. 13). As of October 28, 2014, the remaining identified potential claimants have not filed responses to the amended complaint. Consequently, Petitioner has currently filed a motion for final default judgment against Steve Hargett, Christa Curtis, Lynn Curtis, and Frances Langtry, seeking to bar these potential claimants from filing claims against Petitioner arising from the incident as described in the amended complaint. (Doc. 14). Petitioner asserts that it has complied with all requirements of Supplemental Rule F(4) and has submitted documentation supporting its assertion. (Doc. 14 at 2-3; Exs. 1-2).

Under Federal Rule of Civil Procedure 55, a two-step procedure exists for obtaining a final default judgment. The moving party must first seek an entry of default, otherwise referred to as a clerk's default. Fed. R. Civ. P. 55(a). Once the moving party has obtained entry of a clerk's default, the party may then seek a final default judgment. Fed. R. Civ. P. 55(b). Accordingly, entry of a clerk's default is a prerequisite to a final default judgment. *See, e.g., Bardfield v. Chisholm Props. Circuit Events, LLC*, No. 3:09cv232/MCR/EMT, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) (explaining the process for obtaining a

final default judgment under Rule 55). Here, Petitioner has not sought a clerk's default pursuant to Rule 55(a) and has failed to satisfy the first step; thus, Petitioner is not entitled to final default judgment at this time.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. The Court construes Petitioner's Motion for Entry of Final Default Judgment Against Non-Filing Claimants (Doc. 14) as a motion for entry of clerk's default pursuant to Rule 55(a).

2. The Clerk is directed to enter a clerk's default in favor of Petitioner Homosassa Riverside Resort, LLC and against potential claimants Steve Hargett, Christa Curtis, Lynn Curtis, and Frances Langtry.

DONE AND ORDERED at Tampa, Florida on this 28th day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-489 In re Homosassa Riverside Resort, LLC.Entry of default.docx